UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH GAMBLES, THOMAS MERCK and ELSIE COMPO, individually and as representatives of the Classes,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING INFOSYSTEMS, INC.,<br><br>Defendant. | NO. 1:15-cv-09746-PAE<br><br>**FINAL APPROVAL ORDER** |

This matter came before the Court upon consideration of Plaintiff Ralph Michael Gambles's Motion for Final Approval[1] of the proposed class action Settlement with Defendant Sterling Infosystems, Inc. After considering all of the papers filed and arguments made with response to the Settlement, and having entered a Preliminary Approval Order on May 29, 2020, and conducting a Final Fairness Hearing on September 22, 2020, the Court enters this Final Approval Order, as well as the accompanying Judgment, which constitute a final adjudication on the merits of all claims of the Settlement Class.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Class Members.

2. For purposes of this Settlement only, this action satisfies the applicable prerequisites for class action treatment under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

---

[1] Unless otherwise defined herein, all capitalized terms in this order have the same meaning as in the Agreement, which was made Exhibit 1 to the Motion for Preliminary Approval (ECF 180-2).

3. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Settlement Class, excluding of the individuals identified in Paragraph 19 below who have submitted valid Requests for Exclusion, defined as:

> The 200,423 unique individuals identified on the Class List, who constitute, according to Class Counsel and based on data provided by Defendant: (i) all natural persons about whom Defendant prepared a background report from December 14, 2013 and continuing through December 19, 2019; and (ii) whose background report contains a social security trace which includes at least one address where both the "first" and "last" seen dates antedate the report by more than seven years; and (iii) where at least one of the addresses in (ii) includes a "high risk" indicator.

4. Relative to the Settlement Class, the Court specifically finds:

5. The Settlement Class Members are so numerous that joinder of all members is impracticable;

6. There are questions of law or fact common to the Settlement Class;

7. The claims of the Class Representative are typical of the claims of the Settlement Class that the Class Representative seeks to represent;

8. The Class Representative and Class Counsel will fairly and adequately protect the interests of the Settlement Class;

9. The questions of law or fact common to members of the Settlement Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members; and

10. Certification of the Settlement Class is superior to other available methods for fair and efficient adjudication of the controversy.

11. The Court appoints Plaintiff Ralph Michael Gambles as Class Representative.

12.     The Court appoints E. Michelle Drake and Joseph C. Hashmall of Berger & Montague, P.C., David Seligman of Towards Justice, and Beth Terrell and Erika L. Nusser of Terrell Marshall Law Group PLLC as Class Counsel.

13.     The notice to the Class Members required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Agreement, and as approved by the Preliminary Approval Order. The Settlement Administrator asserts that this notice is presumed to have reached the overwhelming majority of Class Members. That notice constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e), the due process guarantees of the U.S. Constitution, and all other applicable law.

14.     Notification of this Settlement to the appropriate federal and state officials pursuant to CAFA was timely provided. The Court has reviewed such CAFA Notice and finds that the notice complies fully with the applicable requirements of CAFA. There were no objections or comments from the government officials to whom CAFA notice was sent.

15.     The Settlement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the Parties, including during multiple mediations with private mediators, and is supported by the Class Representative.

16.     The Parties dispute the validity of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds that the Settlement is fair, reasonable, and adequate. Beyond facing uncertainty regarding the resolution of those issues by continuing to litigate, Class Members would also face the challenge of surviving an appeal of any summary judgment or class certification order entered in this Action, and any other rulings rendered during trial. Class Counsel have reviewed the Agreement and find it to be in the best interest of Class Members. For all these reasons, the Court finds that the

uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of Settlement approval.

17. The relief provided under the Settlement constitutes fair value given in exchange for the releases of the Released Claims against the Released Parties.

18. The Settlement is fair, reasonable and adequate to members of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, in obtaining class certification, and in maintaining the Litigation through trial and appeal.

19. The 37 (thirty-seven) individuals listed on the Declarations of Ryan Chumley (ECF 201, Ex.C, 204) have submitted valid Requests for Exclusion, excluding themselves from the Settlement Class, and shall not be bound by the Settlement.

20. The Settlement submitted by the Parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Settlement Class Members.

21. There were zero objections to the Settlement.

22. The Parties are directed to consummate the Agreement in accordance with its terms.

23. This Action is hereby dismissed on the merits with prejudice, and without an award of costs or fees to any party, person, or entity, except as otherwise provided in this Final Approval Order (and with any award of such costs or fees to be paid out of the Gross Settlement Amount only).

24. Pursuant to the releases contained in Section 9 of the Agreement and this Final Approval Order, the Class Representative and the Settlement Class Members have released the

Released Claims against Defendant and the Release Parties. Accordingly, the Released Claims of the Class Representative and the Settlement Class Members are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Final Approval Order. The Class Representative, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.

25. Upon consideration of the application for a Class Representative Service Payment, Class Representative Ralph Michael Gambles is awarded the sum of __7500__ Dollars and Zero Cents ($ 7500 .00) in consideration of the valuable service he has performed for and on behalf of the Settlement Class. No Class Members have objected to the request, and Defendant does not oppose it. This amount shall be paid out of the Gross Settlement Amount pursuant to the terms of the Agreement.

26. Upon consideration of Class Counsel's request for an award of Class Counsel's Fees, the Court finds that an award of fees in the amount of __4,811,113__ Dollars and __16__ Cents ($ 4,811,113.16 ) and an award of costs in the amount of __306,962__ Dollars and __52__ Cents ($ 306,962.52 ) is appropriate in light of the work Class Counsel performed in this Litigation. No Settlement Class Members have objected to these requests. These amounts shall be paid out of the Gross Settlement Amount pursuant to the terms of the Agreement.

27. Individual Settlement Payments shall be made to Settlement Class Members in accordance with the terms of the Agreement. These amounts shall be paid out of the Gross Settlement Amount pursuant to the terms of the Agreement.

28.     Upon consideration of the application for payment to the Settlement Administrator of Administrative Costs, the Settlement Administrator shall be paid the amount of __259,698__ Dollars and __00__ Cents ($ __259,698.00__). No Class Members have objected to the request, and Defendant does not oppose it. This amount shall be paid out of the Gross Settlement Amount pursuant to the terms of the Agreement.

29.     All Settlement Class Members shall be bound by all of the terms, conditions and obligations of the Agreement, and all determinations and judgments in the Action concerning the Settlement.

30.     Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault or wrongdoing of any kind. Neither this Final Approval Order nor the Agreement is an admission or concession by Defendant or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendant or any of the other Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in

the Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

31.    If an appeal, writ proceeding, or other challenge is filed as to this Final Approval Order, and if thereafter the Final Approval Order is not ultimately upheld, all orders entered, stipulations made, and releases delivered in connection herewith, or in the Agreement or in connection therewith, shall be null and void to the extent provided by and in accordance with the Agreement and the Preliminary Approval Order.

32.    The Court hereby retains jurisdiction over the Parties and the Settlement Class Members to ensure the effective administration of the Settlement and to consider all further matters arising out of or connected with the Settlement, including the implementation and enforcement of the Agreement.

33.    The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and Judgment be entered as a final and appealable order.

34.    Judgment is hereby entered in this Action consistent with the terms of the Agreement.

**WHEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Approval Order.

IT IS HEREBY ORDERED.

DATED this 22d day of September, 2020.

_Paul A. Engelmayer_
Paul A. Engelmayer
United States District Judge